BENJAMIN B. WAGNER
United States Attorney
OLUSERE OLOWOYEYE
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**

JUL 0 3 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
           DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

   Plaintiff,

v.

JEREMY MEEKS,

   Defendant.

CASE NO. 2:14 - CR - 0 1 8 2 TLN

VIOLATION: 18 U.S.C. § 922(g)(1)—Felon in Possession of a Firearm; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

# INDICTMENT

The Grand Jury charges: THAT

JEREMY MEEKS,

defendant herein, on or about June 18, 2014, in the County of San Joaquin, State and Eastern District of California, having been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically:

   Grand Theft from the Person of Another, in violation of California Penal Code § 487(c), in Case No. FCR198636, on or about July 2, 2002, in Solano County, California;

did knowingly possess a firearm, specifically, one semiautomatic Springfield Arms pistol, model XDM-45, .45 caliber, serial no. MG521434, in and affecting commerce, in that said firearm had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

///

///

1 | FORFEITURE ALLEGATION: [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) –
2 | Criminal Forfeiture]

3  1.  Upon conviction of the offense alleged in this Indictment, defendant JEREMY MEEKS shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

2.  If any property subject to forfeiture, as a result of the offense alleged in this Indictment, for which defendant is convicted:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

BENJAMIN B. WAGNER
United States Attorney

INDICTMENT      2

No. 2:14-CR-0182 TLN
_____

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

### THE UNITED STATES OF AMERICA
*vs.*

### JEREMY MEEKS

## I N D I C T M E N T

**VIOLATION(S):**  18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*

/s/ Signature on file w/AUSA

_____
*Foreman.*

*Filed in open court this* _____ *day*

*of* _____, *A.D. 20* _____

_____
*Clerk.*

**NO BAIL WARRANT PENDING HEARING**

*Bail, $* _____

Dale A. Drozd
_____

GPO 863 525

## United States v. Jeremy Meeks
## Penalties for Indictment

**JEREMY MEEKS**

VIOLATION:   18 U.S.C. §922(g)(1) – Felon in Possession of a Firearm

PENALTIES:   Maximum of 10 years in prison; or
Fine of up to $250,000; or both fine and imprisonment
Supervised release of up to 3 years

SPECIAL ASSESSMENT: $100

## FORFEITURE ALLEGATION:

VIOLATION:   18 U.S.C. § 934(d)(1), 28 U.S.C. § 2461(c) - Criminal Forfeiture
PENALTY:     As indicated in the Indictment